## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICK MERCADO,

        Plaintiff,               Case No. 2:20-cv-11436

v.                            Hon. Linda V. Parker

CITY OF ECORSE,            Mag. David R. Grand
LAMAR TIDWELL,
MICHAEL MOORE, and
NARDA BRUNO, in their official and
personal capacities,

        Defendants.

| | |
|---|---|
| Nakisha Chaney (P65066) | Edward D. Plato (P29141) |
| Jessica Lieberman (P68957) | Jessica Bond (P77611) |
| SALVATORE PRESCOTT | THE PLATO LAW FIRM |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 30500 Northwestern Hwy, Suite 425 |
| 105 East Main Street | Farmington Hills, MI 48334 |
| Northville, MI 48167 | Phone: 248- 855-6650 |
| (248) 679-8711 | eplato@platolawfirm.com |
| chaney@sppplaw.com | |
| lieberman@sppplaw.com | |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

      NOW COME Defendants, by and through their attorneys, The Plato Law Firm, and for their joint Answer to Plaintiff's First Amended Complaint, state as follows:

Parties, Jurisdiction and Venue

1.     Answering paragraph 1, Defendants admit only that this case involves the allegations stated.   Defendants, however, deny these allegations, as said allegations are false.

2.     Answering paragraph 2, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

3.     Answering paragraph 3, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

4.     Answering paragraph 4, Defendants admit that venue is proper in this Court but deny that there are any events or facts that support Plaintiff's claims.

5.     Answering paragraph 5, Defendants neither admit nor deny the allegations, contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

6.     Answering paragraph 6, Defendants admit the allegations contained therein, as said allegations are true.

7.     Answering paragraph 7, Defendants admit that Lamar Tidwell is the Mayor of Ecorse but neither admits nor denies that remaining allegations of paragraph 7 for the reason that the term chief law enforcement officer is unclear and undefined. Defendants admit that pursuant to the City Charter, Mayor Tidwell is the

Chief Executive Officer of the city and may exercise within the city the powers conferred upon sheriffs to suppress disorder.

8.     Answering paragraph 8, Defendants admit that Defendant Moore formerly served as the Director of the Ecorse Department of Public Safety and resides in the Eastern District of Michigan but neither admits nor denies that remaining allegations of paragraph 8 for the reason that "at all relevant times" is unclear and undefined. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

9.     Answering paragraph 9, Defendants admit that Defendant Narda Bruno was the former Deputy Director of the Ecorse Department of Public Safety and is a resident in the Eastern district of Michigan.

10.    Answering paragraph 10, Defendants admit that Plaintiff has brought claims against the individual Defendants but denies that it was proper to do so, given their immunity from Plaintiff's claims.

11.    Answering paragraph 11, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach, leaving these issues for the Court to decide.

## DEFENDANTS' RESPONSE TO GENERAL ALLEGATIONS

12.  Answering paragraph 12, Defendants admit that Plaintiff has been employed with the City of Ecorse police department for approximately the time stated.

13.  Answering paragraph 13, Defendants deny that Plaintiff's performance record has been "stellar".  However, Defendants admit that Plaintiff has, in the past, had a good performance record. Defendants neither admit nor deny the remaining allegations, as they lack knowledge or information sufficient to form a belief about the truth of the allegations, leaving Plaintiff to his proofs.

14.  Answering paragraph 14, Defendants neither admit nor deny the allegations, contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, leaving Plaintiff to his proofs.

15.  Answering paragraph 15, Defendants neither admit nor deny the allegations, contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, leaving Plaintiff to his proofs.

16.  Answering paragraph 16, Defendants admit that Plaintiff was promoted to Corporal around the time stated.

17.     Answering paragraph 17, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, leaving Plaintiff to his proofs.

18.     Answering paragraph 18, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

19.     Answering paragraph 19, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

20.     Answering paragraph 20, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

21.     Answering paragraph 21, Defendants admit that Director Moore has commended Plaintiff for good performance. Defendants neither admit nor deny the remaining allegations contained therein, as the allegations are vague and undefined.

Thus, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

22.     Answering paragraph 22, Defendants admit the allegations contained therein, as said allegations are true.

23.     Answering paragraph 23, Defendants admit the allegations contained therein, as said allegations are true.

24.     Answering paragraph 24, Defendants deny that Plaintiff always had a solid performance record and neither admit nor deny the remaining allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

25.     Answering paragraph 25, Defendants neither admit nor deny the allegations of paragraph 25 for the reason that the term chief law enforcement officer is unclear and undefined. Defendants admit that, pursuant to the City Charter, Mayor Tidwell is the Chief Executive Officer of the city and may exercise within the city the powers conferred upon sheriffs to suppress disorder.

26.     Answering paragraph 26, Defendants admit that Defendants Moore and Tidwell have discussed police department operations and personnel matters. However, Defendants can neither admit nor deny the remaining allegations of paragraph 26, as the allegations are vague and undefined. Thus, the Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations.

27.    Answering paragraph 27, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

28.    Answering paragraph 28, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

29.    Answering paragraph 29, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

30.    Answering paragraph 30, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

31.    Answering paragraph 31, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

32.     Answering paragraph 32, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

33.     Answering paragraph 33, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

34.     Defendants deny the allegations of paragraph 34 for the reason that they are untrue in the manner and form alleged.

35.     Answering paragraph 35, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

36.     Answering paragraph 36, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

37.     Answering paragraph 37, Defendants neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

38.     Answering paragraph 38, Defendants deny that Mayor Tidwell was involved in any unlawful purchase of vehicles and neither admit nor deny the allegations contained therein, as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

39.     Answering paragraph 39, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague, undefined and not limited in time or scope. Therefore, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

40.     Answering paragraph 40, Defendants deny the allegations of Paragraph 40 as untrue in the manner and form alleged.

41.     Answering paragraph 41, Defendants deny the allegations of Paragraph 41 as untrue in the manner and form alleged.

42.     Answering paragraph 42, Defendants admit that a directive was issued on or about the stated date but deny the remaining allegations of paragraph 42 for the reason that they are untrue in the manner and form alleged.

43.     Answering paragraph 43, Defendants deny the allegation of paragraph 43 for the reason that the quoted statements are taken out of context and further state that the complete text of the directive issued on or about January 16, 2019, speaks for itself.

44.     Answering paragraph 44, Defendants deny the allegations of Paragraph 44 as untrue in the manner and form alleged.

45.     Answering paragraph 45, Defendants deny the allegation of paragraph 45 for the reason that the quoted statements are taken out of context and the complete text of Defendant Moore's prior testimony speaks for itself.

46.     Answering paragraph 46, Defendants deny the allegations of Paragraph 46 as untrue in the manner and form alleged.

47.     Answering paragraph 47, Defendants deny the allegations of Paragraph 47 as untrue in the manner and form alleged.

48.     Answering paragraph 48, Defendants admit that Defendants Moore and Tidwell have discussed police department operations and personnel matters. However, Defendants deny the remaining allegations of Paragraph 48 as untrue in the manner and form alleged.

49.     Answering paragraph 49, Defendants deny the allegations of Paragraph 49 as untrue in the manner and form alleged.

50.    Answering paragraph 50, Defendants admit that Plaintiff was notified of an investigation and possible discipline regarding the Marks accident around the time stated. However, Defendants deny the remaining allegations of paragraph 50 and state that the documents pertaining to the Marks accident speak for themselves.

51.    Answering paragraph 51, Defendants admit that Plaintiff disagreed with the possible discipline. However, Defendants deny the remaining allegations of paragraph 51 and state that the documents pertaining to the Marks accident speak for themselves.

52.    Answering paragraph 52, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants state that the documents pertaining to the Marks accident speak for themselves.

53.    Answering paragraph 53, Defendants admit that an investigation was conducted regarding certain complaints from Cpl. Barkman but do not recall the exact date that said communication was made and state that any documents regarding these allegations speak for themselves and deny any corruption.

54.    Answering paragraph 54, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants state that the documents pertaining to the Marks accident speak for themselves.

55.    Answering paragraph 55, Defendants deny any unjust charges and neither admit nor deny the remaining allegations of paragraph 55, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants state that the documents pertaining to the Marks accident speak for themselves.

56.    Answering paragraph 56, Defendants admit that Plaintiff was suspended around the time stated and state that the documents pertaining to the Marks accident speak for themselves.

57.    Answering paragraph 57, Defendants admit that Plaintiff's suspension was overturned in arbitration and states that the arbitrator's opinion is irrelevant and hearsay. Defendants, however, deny and disagree with the conclusions of the arbitrator.

58.    Answering paragraph 58, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants

state that the documents pertaining to the referenced string incident speak for themselves.

59.    Answering paragraph 59, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants state that the letter submitted to the Wayne County Prosecutor's Office speaks for itself.

60.    Answering paragraph 60, Defendants admit that a communication was sent to the persons listed around the time stated. However, Defendants deny the remaining allegations of paragraph 60 for the reason that they are untrue in the manner and form alleged and further state that referenced memo speaks for itself.

61.    Answering paragraph 61, Defendants admit that a communication was sent to the Plaintiff around the time stated. However, Defendants deny the remaining allegations of paragraph 61 for the reason that they are untrue in the manner and form alleged and further state that referenced memo speaks for itself.

62.    Answering paragraph 62, Defendants admit that such a rule applies in the City of Ecorse. However, Defendants state that the referenced rule speaks for itself.

63.     Answering paragraph 63, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants state that the referenced rule speaks for itself.

64.     Answering paragraph 64, Defendants neither admit nor deny the allegations contained therein, as the allegations are vague and undefined. Thus, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs. Further, Defendants state that the referenced rule speaks for itself.

65.     Answering paragraph 65, Defendants deny the allegations of paragraph 65 as untrue in the manner and form alleged.

66.     Answering paragraph 66, Defendants deny the allegations of paragraph 66 as untrue in the manner and form alleged.

67.     Answering paragraph 67, Defendants deny the allegations of paragraph 67 as untrue in the manner and form alleged.

68.     Answering paragraph 68, Defendants any retaliatory actions against Plaintiff and Defendants neither admit nor deny the remaining allegations contained therein, as the allegations are vague and undefined. Therefore, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations, and therefore leave Plaintiff to his proofs.

69.     Answering paragraph 69, Defendants deny the allegations of Paragraph 69 as untrue in the manner and form alleged.

70.     Answering paragraph 70, Defendants deny the allegations of Paragraph 70 as untrue in the manner and form alleged.

71.     Answering paragraph 71, Defendants neither admit nor deny the allegations as Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, leaving Plaintiff to his proofs.

## RESPONSE TO COUNT I

72.     Defendants incorporate and restate here all previously stated answers.

73.     Answering paragraph 73, Defendants neither admit nor deny the allegations contained therein, as the allegations contain legal conclusions and not facts and are vague and undefined. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Further, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

74.     Answering paragraph 74, Defendants neither admit nor deny the allegations contained therein, as the allegations contain legal conclusions and not facts and are vague and undefined. Therefore, Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations. Further, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

75.     Answering paragraph 75, Defendants neither admit nor deny the allegations contained therein, as the allegations contain legal conclusions and not facts and are vague and undefined. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Further, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

76.     Answering paragraph 76, Defendants neither admit nor deny the allegations contained therein, as the allegations contain legal conclusions and not facts and are vague and undefined. Therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Further, Defendants state that the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

77.     Answering paragraph 77 and its subparts, Defendants neither admit nor deny the allegations contained therein, as the allegations contain legal conclusions and not facts and are vague and undefined, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Further, Defendants state that the allegations contained therein call for legal conclusions,

which Defendants are not qualified to reach. Further, Defendants deny any and all allegations contained therein to the extent they charge Defendants, or any one of them, with unlawful and/or retaliatory conduct, as said allegations are false.

78.     Answering paragraph 78, Defendants deny the allegations of Paragraph 78 as untrue in the manner and form alleged.

79.     Answering paragraph 79, Defendants deny the allegations of Paragraph 79 as untrue in the manner and form alleged.

80.     Answering paragraph 80, Defendants deny the allegations of Paragraph 80 as untrue in the manner and form alleged.

81.     Answering paragraph 81, Defendants deny the allegations of Paragraph 81 and its subparts as untrue in the manner and form alleged.

82.     Answering paragraph 82, Defendants deny the allegations of Paragraph 82 as untrue in the manner and form alleged.

83.     Answering paragraph 83, Defendants deny any retaliation regarding the Plaintiff and deny any threat to his career and neither admit nor deny the remaining allegations of paragraph 83 for lack of knowledge or information sufficient to form a belief about their truth.

## **RESPONSE TO COUNT II**

84.     Defendants incorporate and restate here all previously stated answers.

85.     Answering paragraph 85, Defendants neither admit nor deny the allegations contained therein, as the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach.

86.     Answering paragraph 86, Defendants neither admit nor deny the allegations contained therein, as the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach. However, Defendants deny any and all allegations contained therein to the extent they charge Defendants, or any one of them, with unlawful and/or retaliatory conduct, as said allegations are false.

87.     Answering paragraph 87, Defendants neither admit nor deny the allegations contained therein, as the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach. However, Defendants deny any and all allegations contained therein to the extent they charge Defendants, or any one of them, with unlawful and/or retaliatory conduct, as said allegations are false.

88.     Answering paragraph 88, Defendants deny the allegations of Paragraph 88 as untrue in the manner and form alleged.

89.     Answering paragraph 89, Defendants deny the allegations of Paragraph 89 as untrue in the manner and form alleged.

90.     Answering paragraph 90, Defendants deny the allegations of Paragraph 90 as untrue in the manner and form alleged.

## RESPONSE TO COUNT III

91.     Defendants incorporate and restate here all previously stated answers.

92.     Answering paragraph 92, Defendants neither admit nor deny the allegations contained therein, as the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach. Further, Defendants deny any and all allegations contained therein to the extent they charge Defendants, or any one of them, with unlawful and/or retaliatory conduct, as said allegations are false.

93.     Answering paragraph 93, Defendants neither admit nor deny the allegations contained therein, as the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach. Further, Defendants deny any and all allegations contained therein to the extent they charge Defendants, or any one of them, with unlawful and/or retaliatory conduct, as said allegations are false.

94.     Answering paragraph 94, Defendants neither admit nor deny the allegations contained therein, as the allegations contained therein call for legal conclusions, which Defendants are not qualified to reach Further, Defendants deny any and all allegations contained therein to the extent they charge Defendants, or

any one of them, with unlawful and/or retaliatory conduct, as said allegations are false.

95.     Answering paragraph 95, Defendants deny the allegations of Paragraph 95 and its subparts as untrue in the manner and form alleged.

96.     Answering paragraph 96, Defendants deny the allegations of Paragraph 96 and its subparts as untrue in the manner and form alleged.

97.     Answering paragraph 97, Defendants deny the allegations of Paragraph 97 and its subparts as untrue in the manner and form alleged.

WHEREFORE, Defendants respectfully request that this Court deny any relief as requested by Plaintiff, grant judgment in favor of the Defendants, and/or dismiss Plaintiff's Complaint against them. Defendants' further requests that this Court to award Defendants' their costs and attorneys' fees incurred in the defense of this litigation and such other relief as justice requires.

Respectfully submitted,

THE PLATO LAW FIRM, PLLC

_____/s/ Jessica Bond_____
EDWARD D. PLATO (P29141)
JESSICA J. BOND (P77611)
Attorneys for Defendants
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
Dated: May 12, 2021          (248) 855-6650

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICK MERCADO,

        Plaintiff,               Case No. 2:20-cv-11436

v.                            Hon. Linda V. Parker

CITY OF ECORSE,           Mag. David R. Grand
LAMAR TIDWELL,
MICHAEL MOORE, and
NARDA BRUNO, in their official and
personal capacities,

        Defendants.

| | |
|---|---|
| Nakisha Chaney (P65066) | Edward D. Plato (P29141) |
| Jessica Lieberman (P68957) | Jessica Bond (P77611) |
| SALVATORE PRESCOTT | THE PLATO LAW FIRM |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 30500 Northwestern Hwy, Suite 425 |
| 105 East Main Street | Farmington Hills, MI 48334 |
| Northville, MI 48167 | Phone: 248- 855-6650 |
| (248) 679-8711 | eplato@platolawfirm.com |
| chaney@sppplaw.com | |
| lieberman@sppplaw.com | |

## DEFENDANTS' SECOND AMENDED AFFIRMATIVE/SPECIAL DEFENSES

NOW COME Defendants by and through their attorneys, The Plato Law Firm, and for their Second Amended Affirmative Defenses, state as follows:

1.     That Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      That Plaintiff's First Amendment claims and Whistleblower Protection Act claim do not derive from a common nucleus of operative fact.

3.      That the Defendants are immune from suit pursuant to the doctrine of governmental immunity and further that Plaintiff's cause of action is barred in total, or at least in part, by MCL 691.1407 et seq., commonly known as the Governmental Immunity Statute.

4.      That Plaintiff's cause of action is barred in total, or at least in part, for the reason that there is no proximate cause between any alleged acts, omissions, or conduct of the Defendants and the Plaintiff's alleged injuries and/or alleged deprivation of rights.

5.      That Plaintiff's cause of action is barred in total, or at least in part, by Plaintiff's failure to mitigate damages.

6.      That Plaintiff's cause of action is barred in total, or at least in part, for the reason that any injuries and/or damages sustained by Plaintiff were the result of the actions, conduct, and/or omissions of the Plaintiff and individuals other than the Defendants.

7.      That Plaintiff's cause of action is barred by the provisions of MCL 691.1407(1), (2) and (5).

8.      That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff has not been deprived of any rights, privileges or immunities secured by the Constitution of the State of Michigan.

9.      That Plaintiff's cause of action is barred in total, or at least in part, for the reason that these Defendants are entitled to qualified immunity under the law.

10.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that none of the Defendants violated a clearly established constitutional right in their dealings with the Plaintiff.

11.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff cannot establish that any of the Defendants' conduct was objectively unreasonable in light of a clearly established constitutional right.

12.     That Plaintiff's cause of action is barred because Defendants acted in good faith at all times.

13.     That at all times Defendants did not act with gross negligence or reckless conduct thereby entitling them to immunity in this matter.

14.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that the speech that is the subject of Plaintiff's complaint does not touch on a matter of public concern, and Plaintiff's interest in the speech does not outweigh the Defendants' interest in promoting the efficiency of the public services it provides, including but not limited to for the reason that Plaintiff's "grievances"

against the Defendants has been circulating for years within the City of Ecorse and investigated both internally and externally to no avail. Defendants right to seeing the Department operate efficiently certainly outweighs any right that the Plaintiff might have to continue to dredge up these same issues that have been alleged and investigated, beginning around 2016, to no avail.

15.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that the alleged speech that is the subject of Plaintiff's Complaint was likely to and did foment controversy and disruption within the City of Ecorse Police Department, impeded the Police Department's general performance and operation, affected the loyalty and confidence necessary for the Department's proper functioning, subverted discipline, was false and was directed toward persons whom Plaintiff normally contacted for his daily work. Plaintiff's actions and the actions of Herring and Howard have caused low employee morale and encourage many to look elsewhere for unemployment, among other matters.

16.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that the Defendants' actions toward Plaintiff would not chill a person of ordinary firmness in the exercise of his First Amendment rights.

17.     Plaintiff's cause of action is barred in total, or at least in part, as Defendants are governmental agents and are immune from tort liability when they are acting or reasonably believe they are acting within the scope of their authority,

the governmental agency employing Defendants was engaged in the exercise or charge of a government function, the Defendants' conduct does not amount to gross negligence that is the proximate cause of the injury or damages.

18.     That Plaintiff's cause of action fails as there has been no deliberate action by the City that was the moving force behind Plaintiff's alleged deprivation of federal rights.

19.     That Plaintiff has not stated a cause of action and has not alleged conduct sufficient to give rise to a cause of action under 42 USC § 1983 or under the First and/or Fourteenth Amendments to the United States Constitution.

20.     That notice is hereby given that Defendants will seek sanctions in this cause of action pursuant to 42 USC § 1983 and § 1988 and Federal Rule of Civil Procedure 11.

21.     That the Defendants have no respondeat superior liability to Plaintiff, as a matter of law, for Plaintiff's claims of constitutional violations and claims pursuant to 42 USC § 1983.

22.     Plaintiff's cause of action is barred because Plaintiff cannot prove the City of Ecorse established an unconstitutional policy or custom that was the moving force behind any alleged constitutional violation. *Monell v Department of Social Services*, 436 U.S. 658 at 694 (1978).

23.    Plaintiff's claims are barred in whole or in part for the reason that Defendants did not act and/or did not make any comments with an improper ulterior purpose.

24.    Plaintiff's claims are barred in whole or in part for the reason that there is no proximate causal relationship between Defendants' alleged conduct and Plaintiff's claimed damages and/or speech.

25.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's speech undermined an effective work environment.

26.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's speech was made pursuant to his official duties.

27.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that investigation was an official part of Plaintiff's official duties.

28.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff knew certain of his statements to be false.

29.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Defendants did not discharge, threaten, or discriminate against Plaintiff regarding his compensation, terms, conditions, location, or privileges of employment because Plaintiff reported or was about to report a violation or suspected violation of law or regulation or rule of any kind.

30.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Defendants have rights under the First Amendment to the United States Constitution.

31.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's claims do not concern constitutionally protected speech or conduct.

32.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Defendants reasonably believed that any and all of Plaintiff's reports or communications to City personnel on which Plaintiff relies concerned personal matters and not matters of public concern.

33.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff has not been deprived of a right secured by the Constitution or laws of the United States.

34.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff has not suffered any adverse action to sustain his First Amendment or Whistleblower claims.

35.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that none of the conduct alleged regarding the Defendants would deter a person of ordinary firmness from exercising his First Amendment rights.

36.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Defendants' conduct toward Plaintiff was *not* motivated in any part by Plaintiff's speech or association, including, but not limited to, for the reason that the Defendants were unaware of the Plaintiff's alleged reporting to the FBI or attorney general's office and/or work with Herring and Howard until after Plaintiff's discipline regarding the Marks incident and for the reason that the Defendants reasonably believed that corrective action was required to remedy Plaintiff's performance problems, including, but not limited to, his handling of the Marks accident and his failing to remove all strings in the possession of a prisoner. Thus, Defendants actions toward Plaintiff would have been taken regardless of any of his alleged speech or association.

37.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that any and all of Plaintiff's speech of which Defendants are aware concerned and were made pursuant to Plaintiff's official responsibilities or duties and/or regarding matters of Plaintiff's personal interest and/or internal office politics, which are outside the scope of the First Amendment. He was not speaking out as a citizen on a matter of public concern. Even Plaintiff's alleged speech to the FBI or Attorney General's office appears to have been at the direction of his supervisor(s) at the Ecorse Police Department.

38.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's alleged speech or associated impeded his proper performance of his duties as a police officer for the City of Ecorse and interfered with the operations of the City of Ecorse Police Department, generally, including, but not limited to, as seen by the conduct for which Plaintiff was recently disciplined or warn and by the fact that many City employees are seeking employment elsewhere due to the disruptions and environment contributed to by Plaintiff.

39.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that the context of Plaintiff's subject speech indicates that his speech was made as a public employee regarding internal police matters and not as a citizen speaking publicly on a matter of public concern. Thus, Plaintiff's subject speech reflects nothing more than the quintessential employee beef that management has acted incompetently, which is speech that is not protected under the First Amendment.

40.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that internal personnel issues, including but not limited to internal complaints of unfairness, are not matters of public concern.

41.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's alleged speech is not protected by the First Amendment

because it was made with intentional or reckless disregard for the truth, and Defendants reasonably believed this to be the case.

42.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's relationship with Herring and/or Howard does not constitute an intimate association protected by the First Amendment. Plaintiff did not share distinctly personal aspects of his life with Herring or Howard as far as Defendants are aware.

43.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Defendants would have taken the same actions regarding Plaintiff in the absence of any protected activity by Plaintiff, which activity is denied.

44.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that employers have heightened interests in controlling speech made by an employee in his or her professional capacity. Official communications have official consequences, creating a need for substantive consistency and clarity. Supervisors must ensure that their employees' official communications are accurate, demonstrate sound judgment, and promote the employer's mission.

45.     That Plaintiff's cause of action is barred in total, or at least in part, for the reason that the Plaintiff was not engaged in protected activity under the Michigan Whistleblowers' Protection Act, MCL 15.361, *et. seq.* (WPA).

46.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that Plaintiff's WPA claims are barred because no statutorily-defined causal connection exists between the alleged protected activity and the alleged adverse employment action.  The alleged protected activity was not a "but-for" cause of the alleged adverse employment action.

47.    Plaintiff's WPA claims are barred because he failed to bring this action within 90 days of any alleged violation of this Act, as Plaintiff was suspended on or about October 10, 2019 for his conduct pertaining to the Marks accident, and Plaintiff was asked for an explanation regarding strings left on a prisoner on or about November 25, 2019. Plaintiff's Complaint was filed on June 2, 2020, well past the 90-day window for filing. Further, Plaintiff's communication to the City Administrator and City Council on or about February 22, 2020 did not report any violation or suspected violation of a law and thus cannot be the basis for a WPA claim. See MCL 15.362 and MCL 15.363(1).

48.    That Plaintiff's cause of action is barred in total, or at least in part, for the reason that the WPA is the exclusive remedy for alleged adverse employment action against Plaintiff.

49.    Any and all alleged adverse employment actions alleged were the result of legitimate business and/or police department reasons.

WHEREFORE, Defendants pray this Honorable Court Dismiss Plaintiff's Complaint, with prejudice, and award Defendants all costs and fess the Court deems appropriate.

Respectfully submitted,

THE PLATO LAW FIRM, PLLC

*/s/ Jessica Bond*
EDWARD D. PLATO (P29141)
JESSICA J. BOND (P77611)
Attorneys for Defendants
30500 Northwestern Highway, Suite 425
Farmington Hills, MI  48334
Dated: May 12, 2021                           (248) 855-6650

## **RESERVATION OF RIGHTS**

Defendants reserve the right to file additional Affirmative Defenses as they

become known through discovery and up to the course of trial.

Respectfully submitted,

THE PLATO LAW FIRM, PLLC

_/s/ Jessica Bond_
EDWARD D. PLATO (P29141)
JESSICA J. BOND (P77611)
Attorneys for Defendants
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
Dated: May 12, 2021          (248) 855-6650

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICK MERCADO,

         Plaintiff,             Case No. 2:20-cv-11436

v.                                Hon. Linda V. Parker

CITY OF ECORSE,             Mag. David R. Grand
LAMAR TIDWELL,
MICHAEL MOORE, and
NARDA BRUNO, in their official and
personal capacities,

         Defendants.

---

| | |
|---|---|
| Nakisha Chaney (P65066) | Edward D. Plato (P29141) |
| Jessica Lieberman (P68957) | Jessica Bond (P77611) |
| SALVATORE PRESCOTT | THE PLATO LAW FIRM |
| PORTER & PORTER, PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 30500 Northwestern Hwy, Suite 425 |
| 105 East Main Street | Farmington Hills, MI 48334 |
| Northville, MI 48167 | Phone: 248- 855-6650 |
| (248) 679-8711 | eplato@platolawfirm.com |
| chaney@sppplaw.com | |
| lieberman@sppplaw.com | |

---

## <u>RELIANCE UPON JURY DEMAND</u>

    NOW COME Defendants hereby rely upon Plaintiff's demand for trial by jury

and also request trial by jury.

Respectfully submitted,

THE PLATO LAW FIRM, PLLC

_/s/ Jessica Bond_
EDWARD D. PLATO (P29141)
JESSICA J. BOND (P77611)
Attorneys for Defendants
30500 Northwestern Highway, Suite 425
Farmington Hills, MI  48334
Dated: May 12, 2021                       (248) 855-6650

## **CERTIFICATE OF SERVICE**

Randi Donegan states that on May 13, 2021, she caused a copy of *Defendants'*
*Answer to First Amended Complaint, Affirmative Defenses, and Reliance,* and this
*Certificate of Service*, to be electronically filed with the Court system which will
automatically serve counsel of record.

*/s/ Randi Donegan*